Matter of Leopold v Dabakarov (2021 NY Slip Op 02990)





Matter of Leopold v Dabakarov


2021 NY Slip Op 02990


Decided on May 11, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 11, 2021

Before: Gische, J.P., Kern, Mazzarelli, Kennedy, JJ. 


Index No. 650545/20 Appeal No. 13683 Case No. 2020-04687 

[*1]In the Matter of Danny Leopold, Petitioner-Respondent,
v
Michael Dabakarov, et al., Respondents-Appellants.


Armstrong Teasdale LLP, New York (Thomas V. Juneau, Jr., of counsel), for appellants.
Berlandi Nussbaum & Reitzas LLP, New York (John P. O'Brien of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Andrea Masley, J.), entered September 1, 2020, which granted the petition to confirm an arbitral award, unanimously modified, on the law, to vacate the judgment and to remand the matter to arbitration for further proceedings consistent with this order, and otherwise affirmed, without costs.
Supreme Court is empowered to undertake the ministerial act of computing what, if any, amount is due pursuant to a clear arbitration award (see Morgan Guar. Trust Co. of N.Y. v Solow, 114 AD2d 818, 822 [1st Dept 1985], affd 68 NY2d 779 [1986]). Here, while the arbitration award is clear as to the awarded relief, it did not provide a formula by which to calculate said relief. Specifically, the arbitrator concluded that respondents were entitled to a repayment of the mortgage with interest and their capital contributions, as set forth in the operating agreement, but did not adequately address how prior payments to respondents should have been allocated (cf. Morgan Guar. Tr. Co. of N.Y. v Solow, 114 AD2d at 822). Determining the proper allocation of prior payments, so as to determine the current outstanding amount, if any, is not ministerial in this instance, considering the parties' sharp dispute of the calculation of the amounts due under the arbitration award. In this regard, the record does not adequately reflect which, if any, of the parties' competing calculations correctly reflects the Arbitrator's findings of fact, particularly given respondents' failure to account for more than $1.8 million that they acknowledge they have already received. Accordingly, we remand this matter back to arbitration to determine whether prior payments to respondents satisfy the award and to calculate the specific amounts due under the award.
There is no basis to disturb the arbitrator's award of counsel fees under CPLR 7511(c) or otherwise. The arbitration provision in the operating agreement specifically permitted the arbitrator to award attorneys' fees to the prevailing party, and the arbitrator's determination that petitioner was the prevailing party was not so erroneous to require modification (see Wien & Malkin LLP v Helmsley-Spear, Inc., 6 NY3d 471, 479-480 [2006], cert dismissed 548 US 940 [2006]). As for the discovery sanction, the arbitrator's decision specifically and clearly addressed the sanction. The fact that the additional amount does not appear in the "award" section of the arbitration award does
not render that finding obsolete. Therefore, that part of the judgment confirming the award of sanctions and counsel fees is affirmed.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 11, 2021